Appeal of WALCUTT BROTHERS CO.        Docket No. 1108.

On the evidence, *held*, that the taxpayer did not acquire good will of any value upon taking over the business of a certain other corporation.

Submitted February 16, 1925; decided March 30, 1925.

*George M. Wilmuth, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

FINDINGS OF FACT.

The taxpayer is a New York corporation. In 1912 another corporation was organized under the name of Walcutt Brothers Photo Mount Department, Inc., which took over the business of selling photo mounts theretofore conducted by a partnership, Bergfield and Landman. The taxpayer manufactured goods for the Walcutt Brothers Photo Mount Department, Inc., and advanced moneys for certain of its disbursements, with the result that by 1914 the Walcutt Brothers Photo Mount Department, Inc., was indebted to the taxpayer for money advanced and for work, labor, service, and materials furnished to an amount in excess of $30,000.

In 1914 the assets of the Walcutt Brothers Photo Mount Department, Inc., were transferred to the taxpayer in discharge of this indebtedness, and the taxpayer carried into its books as assets the following:

| | |
|---|---:|
| Accounts receivable | $10,787.39 |
| Inventory, material | 3,922.66 |
| Inventory, tools | 987.28 |
| Good will | 15,000.00 |
| | 30,697.33 |

In 1915 the Walcutt Brothers Photo Mount Department, Inc., was dissolved, no distribution being made to stockholders upon liquidation. It had never paid any dividends during its existence.

The taxpayer carried on the photo-mount business, so taken over, from 1914 to 1920, when it was discontinued. During the years 1914 to 1920, the good will referred to above was carried on the books of the taxpayer at $15,000, and was so included by the taxpayer in its invested capital for purposes of its profits-tax returns. In its return for 1920 the taxpayer charged off as a loss $30,000, on abandonment of the photo-mount business.

In auditing the taxpayer's returns, the Commissioner excluded from invested capital the item of $15,000 claimed to be good will bought in 1914, and he also disallowed the deduction of $30,000 in

1920. He also made other adjustments not involved in this appeal. By letter of December 4, 1924, the Commissioner determined a deficiency for 1919 of $292.16, an overassessment for 1920 of $14.61, and a deficiency for 1920 of $4,453.46. From this determination the taxpayer appealed.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: The Walcutt Brothers Photo Mount Department, Inc., did business in such a manner that it never paid any dividends; turned over its tangible assets, amounting to $15,697.33 (and its good will, if any), in payment of indebtedness of over $30,000, and was liquidated without any distribution to stockholders. It is apparent that the business was done at a loss. The stockholders lost whatever they had invested and the taxpayer lost at least $15,000. Nevertheless the taxpayer claims that this unsuccessful corporation had a good will worth $15,000, which it acquired in 1914 for the equivalent of cash. To our minds, this corporation, which never made a profit, can not be said to have any good will. The taxpayer lost upwards of $15,000 in 1914 when it settled a claim for upwards of $30,000 by accepting tangibles worth $15,697.33 and a nonexistent or negative good will. The Commissioner was right in excluding the good-will item of the taxpayer's invested capital and in disallowing the taxpayer's deduction for loss upon the abandonment of the photo-mount business.